# EXHIBIT A

Approved, SCAO

Original - Court
1st copy - Defendant

2nd copy - Plaintiff
3rd copy - Return

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>11th JUDICIAL CIRCUIT<br>COUNTY | SUMMONS | CASE NUMBER<br>25-5903-NI |
|---|---|---|

Court address

Court telephone number

| Plaintiff's name, address, and telephone number | | Defendant's name, address, and telephone number |
|---|---|---|
| JOHN WOLFE | v | CHRISTOPHER GRAHAM HADFIELD<br>516 N County Road 441<br>Manistique, MI |
| Plaintiff's attorney bar number, address, and telephone number<br>KOUSSAN LAW<br>Ali H. Koussan (P75044)<br>821 W. Milwaukee, Detroit, MI 48202<br>313-444-8348 / Fax: 313-444-7814<br>ali@k-law.com | | RECEIVED & FILED<br>11th Judicial Circuit Court<br>APR 10 2025<br>Beth A. Edwards, Clerk<br>Schoolcraft Co., MI |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☑ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ ______________________ Court, where it was given case number ____________ and assigned to Judge ______________.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk **SUMMONS**

**NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:

1. **You are being sued.**
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside of Michigan).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| April 10, 2025 | July 10, 2025 | Beth A. Edwards |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

STATE OF MICHIGAN
IN THE 11th CIRCUIT COURT FOR THE COUNTY OF SCHOOLCRAFT

JOHN WOLFE,

Plaintiff,

Case No. 25 - 5903-NI

vs.

Hon.

CHRISTOPHER GRAHAM HADFIELD,

Defendant.

KOUSSAN LAW
Ali H. Koussan (P75044)
Counsel for Plaintiff
821 W. Milwaukee
Detroit, Michigan 48202
(313) 444-8348
Fax: (313) 444-7814
ali@k-law.com

SUPERIOR LAW PLLC
Antonio R. Ruiz (P72970)
Co-Counsel for Plaintiff
425 S. 3rd Street
Marquette, MI 49855-4701
(906) 225-9705
Fax: (906) 225-9960
t.ruiz@superiorlawpllc.com

RECEIVED & FILED
11th Judicial Circuit Court
APR 10 2025
Beth A. Edwards, Clerk
Schoolcraft Co., MI

## PLAINTIFF'S COMPLAINT

There is no other known pending or resolved civil action between the same parties and arising out of the same transactions or occurrences alleged in this complaint.

NOW COME the Plaintiff, JOHN WOLFE, by and through his attorneys, KOUSSAN LAW and SUPERIOR LAW, and for his Complaint, states as follows:

1. Plaintiff, JOHN WOLFE, is a resident of the City of Manistique, County of Schoolcraft, and State of Michigan.

2. Defendant, Christopher Graham Hadfield, is an individual and a resident of the City of Manistique, County of Schoolcraft, and State of Michigan and, upon information and belief, resides at 516 N County Road 441, Manistique, MI 49854-8848.

3. The amount in controversy is in excess of Twenty-Five Thousand ($25,000.00) Dollars.

4. Venue is proper in this honorable jurisdiction.

**COUNT I – NEGLIGENCE**

5. Plaintiff reaffirms and re-alleges each and every allegation contained in the above paragraphs of this Complaint the same as if it were set forth verbatim.

6. Plaintiff, on or about September 26, 2023, was traveling westbound on US Highway 2 when Defendant, CHRISTOPHER GRAHAM HADFIELD, failed to yield before driving into oncoming traffic and struck Plaintiff. Plaintiff sustained accidental bodily injuries in said motor vehicle accident within the meaning of Defendant's policy and the statutory provision, Section 3105 of the No Fault Act.

7. That the sole, direct and proximate cause of the aforesaid collision was due to the negligence of Defendant, in operating a motor vehicle contrary to the Motor Vehicle Act of the State of Michigan, and the ordinances of the City of Manistique in such cases made and provided, more specifically, among other things, as follows:

a. That in violation of Defendant's duty to maintain an adequate and sharp lookout and yield the right of way, the Defendant did not pay heed or proper attention to the road ahead and did not maintain a sharp and adequate lookout or yield the right of way;

b. That in violation of Defendant's duty to keep said vehicle constantly under control so that Defendant could bring said vehicle to a stop within the assured clear distance, the Defendant did not do so, but instead permitted said vehicle to strike another vehicle;

c. That in violation of Defendant's duty to travel at the proper and lawful rate of speed, the Defendant traveled at an improper, unlawful and excessive rate of speed, which was a speed greater than would permit said Defendant to bring said vehicle to a stop within the assured clear distance ahead;

d. That in violation of Defendant's duty to maintain said vehicle with adequate and sufficient brakes, the Defendant did not do so and operated said vehicle without adequate or sufficient brakes, or failed to timely use said brakes with which said vehicle was equipped;

e. That in violation of Defendant's duty, Defendant operated said vehicle in opposition to the Michigan Motor Vehicle Act;

f. That Defendant drove said motor vehicle in a careless, reckless and negligent manner in violation of MCL 257.626;

8. The negligence of Defendant was the proximate cause of the striking of Plaintiff's vehicle and the personal injuries hereinafter mentioned.

9. As a direct and proximate result of the aforesaid negligence of Defendant, Plaintiff then and there sustained severe, permanent and painful injuries to her person, including, but not limited to:

a. Head, neck, back, shoulder, arm, elbow, wrists, hands;

b. Severe shock, fright and mental anguish;

c. Pain and Suffering;

d. Loss of income and earnings potential;

e. Further injuries which have not yet been diagnosed or manifested themselves.

10. Said injuries constituted a serious impairment of body functions and/or permanent serious disfigurement.

11. As a direct and proximate result of the foregoing injuries, Plaintiff suffered loss of wages and/or loss of wage-earning capacity, which will continue into the future.

12. In the event the Plaintiff was suffering from any of the medical or emotional conditions then, and in that event, Plaintiff claims that these injuries were precipitated, aggravated and/or accelerated by reason of the foregoing incident.

13. Plaintiff has exhausted the No-Fault Benefits available to him and thus is entitled to additional damages for allowable expenses, work loss, and survivor's loss as defined in sections 3107 to 3110, including all future allowable expenses and work loss, in excess of any applicable limit under section 3107c or the daily, monthly, and 3-year limitations contained in those sections. MCL 500.3135(3)(c).

WHEREFORE, Plaintiff prays for Judgment against Defendant in an amount in excess of $25,000.00, in which Plaintiff is entitled, together with interest from the date of this Complaint to the date of Judgment, court costs and attorney fees so wrongfully sustained.

**COUNT II – GROSS NEGLIGENCE**

14. Plaintiff re-affirms and re-alleges each and every allegation contained in the above paragraphs of this Complaint the same as if it were set forth verbatim.

15. Plaintiff, on or about September 26, 2023, was traveling westbound on US Highway 2 when Defendant, CHRISTOPHER GRAHAM HADFIELD, failed to yield before driving into oncoming traffic and struck Plaintiff. Plaintiff sustained accidental bodily injuries in said motor vehicle accident within the meaning of Defendant's policy and the statutory provision, Section 3105 of the No Fault Act.

16. Gross negligence is defined as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury result." MCL 691.1407(8)(a).

17. Defendant, CHRISTOPHER GRAHAM HADFIELD'S operation of a motor vehicle was grossly negligent and was the sole, direct, and proximate cause of the collision which caused serious injury to Plaintiff.

18. Defendant, CHRISTOPHER GRAHAM HADFIELD'S conduct in operating his motor vehicle was reckless as to demonstrate a substantial lack of concern for whether an injury would result as follows:

a. That in violation of Defendant's duty to maintain an adequate and sharp lookout and yield the right of way, the Defendant did not pay heed or proper attention to the road ahead and did not maintain a sharp and adequate lookout or yield the right of way;

b. That in violation of Defendant's duty to keep said vehicle constantly under control so that Defendant could bring said vehicle to a stop within the assured clear distance, the Defendant did not do so, but instead permitted said vehicle to strike another vehicle;

c. That in violation of Defendant's duty to travel at the proper and lawful rate of speed, the Defendant traveled at an improper, unlawful and excessive rate of speed, which was a speed greater than would permit said Defendant to bring said vehicle to a stop within the assured clear distance ahead;

d. That in violation of Defendant's duty to maintain said vehicle with adequate and sufficient brakes, the Defendant did not do so and operated said vehicle without adequate or sufficient brakes, or failed to timely use said brakes with which said vehicle was equipped;

e. That in violation of Defendant's duty, Defendant operated said vehicle in opposition to the Michigan Motor Vehicle Act;

f. That Defendant drove said motor vehicle in a careless, reckless and negligent manner in violation of MCL 257.626;

WHEREFORE, Plaintiff prays for Judgment against Defendant in an amount in excess of $25,000.00, in which Plaintiff is entitled, together with interest from the date of this Complaint to the date of Judgment, court costs and attorney fees so wrongfully sustained.

**COUNT III – DECLARATORY RELIEF**

19. Plaintiff repeats and incorporates by reference all preceding paragraphs as though fully restated herein.

20. That furthermore, a declaration of rights between the parties is needed to determine:

a. The applicability of the No-Fault Act to the claims of Plaintiff;

b. The amount of No-Fault expenses, No-Fault interest, actual attorney fees and other benefits owed to the Plaintiff;

c. Whether there is a dispute between two or more motor vehicle insurers concerning their obligation to provide coverage for the equitable distribution of the loss pursuant to MCL 500.3172;

d. Defendants' obligation to indemnify Claimant on one or more of the above counts;

e. Such other determinations, orders or judgments as are necessary to fully adjudicate the rights of the parties.

WHEREFORE, Plaintiff prays for a declaration from the Court with regard to the aforesaid matters.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

KOUSSAN LAW
/s/ Ali H. Koussan
By: Ali H. Koussan (P75044)
Attorney for Plaintiff

Dated: April 7, 2025

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF SCHOOLCRAFT

| | |
|---|---|
| JOHN WOLFE,<br>Plaintiff,<br>v<br><br>CHRISTOPHER GRAHAM HADFIELD,<br>Defendant. | Case No. 2025-5903-NI<br><br>Hon. Brian Daniel Rahilly (P74065) |

KOUSSAN LAW
BY: ALI H. KOUSSAN (P75044)
Attorneys for Plaintiff
821 West Milwaukee Street
Detroit, MI 48202-2947
(313) 444-8348 / *ali@k-law.com*

SUPERIOR LAW PLLC
BY: ANTONIO R. RUIZ (P72970)
Co-Counsel for Plaintiff
425 South 3rd Street
Marquette, MI 49855-4701
(906) 225-9705 / *t.ruiz@superiorlawpllc.com*

O'NEILL, WALLACE & DOYLE, P.C.
BY: TOBIN H. DUST (P36741)
Attorneys for Defendant
300 St. Andrews Road, Suite 302
Saginaw, MI 48638
(989) 790-0960 / *tdust@owdpc.com*

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT, RELIANCE ON DEMAND FOR TRIAL BY JURY, AND SPECIAL / AFFIRMATIVE DEFENSES**

NOW COMES Defendant Christopher Graham Hadfield, through his attorneys, O'Neill, Wallace & Doyle, P.C., by Tobin H. Dust, and for his Answer to Plaintiff's Complaint states onto this Honorable Court as follows:

1.) In answer to this paragraph, the allegation is neither admitted nor denied for lack of sufficient information upon which to form a belief leaving Plaintiff to his proofs.

2.) In answer to this paragraph, no contest.

3.) In answer to this paragraph, the allegation is neither admitted nor denied for lack of sufficient information upon which to form a belief leaving Plaintiff to his proofs.

4.) In answer to this paragraph, the allegation is neither admitted nor denied for lack of sufficient information upon which to form a belief leaving Plaintiff to his proofs.

## COUNT I – (NO) NEGLIGENCE

5.) In answer to this paragraph, this Defendant incorporates his forgoing responses to the Plaintiff's allegations as if those responses were fully set forth in this paragraph.

6.) In answer to this paragraph, the allegation that this Defendant failed to yield in the manner and form stated is denied as untrue; the remainder of the allegation set forth in the paragraph are neither admitted nor denied for lack of sufficient information upon which to form a belief leaving Plaintiff to his proofs.

7.) In answer to this paragraph, the allegations are denied as untrue.

8.) In answer to this paragraph, the allegation is denied as untrue.

9.) In answer to this paragraph, the allegation as to negligence on the part of this Defendant is denied as untrue; the remainder of the allegation is neither admitted nor denied for lack of sufficient information upon which to form a belief leaving Plaintiff to his proofs.

10.) In answer to this paragraph, the allegation is neither admitted nor denied for lack of sufficient information upon which to form a belief leaving Plaintiff to his proofs.

11.) In answer to this paragraph, the allegation is neither admitted nor denied for lack of sufficient information upon which to form a belief leaving Plaintiff to his proofs.

12.) In answer to this paragraph, the allegation is neither admitted nor denied for lack of sufficient information upon which to form a belief leaving Plaintiff to his proofs.

13.) In answer to this paragraph, the allegation is neither admitted nor denied for lack of sufficient information upon which to form a belief leaving Plaintiff to his proofs.

WHEREFORE, Defendant, Christopher Graham Hadfield, respectfully requests this Honorable Court enter judgment of no cause for action in his favor together with an award of costs and attorney fees.

## COUNT II – (NO) GROSS NEGLIGENCE

14.) In answer to this paragraph, this Defendant incorporates his forgoing responses to the Plaintiff's allegations as if those responses were fully set forth in this paragraph.

15.) In answer to this paragraph, the allegation as to a failure to yield is denied as untrue; the remainder of the allegation is neither admitted nor denied for lack of sufficient information upon which to form a belief leaving Plaintiff to his proofs.

16.) In answer to this paragraph, the allegation is neither admitted nor denied in the manner and form stated leaving Plaintiff to his proofs; however, denied that this Defendant is responsible for any gross negligence.

17.) In answer to this paragraph, the allegation is denied as untrue.

18.) In answer to this paragraph, the allegation is denied as untrue.

WHEREFORE, Defendant, Christopher Graham Hadfield, respectfully requests this Honorable Court enter judgment of no cause for action in his favor together with an award of costs and attorney fees.

## COUNT III – DECLARATORY RELIEF

19.) In answer to this paragraph, this Defendant incorporates his forgoing responses to the Plaintiff's allegations as if those responses were fully set forth in this paragraph.

20.) In answer to this paragraph, denied that Plaintiff is entitled to any declaratory relief involving this Defendant.

WHEREFORE, Defendant, Christopher Graham Hadfield, respectfully requests this Honorable Court enter judgment of no cause for action in his favor together with an award of costs and attorney fees.

Dated: June 12, 2025

Respectfully submitted,
O'NEILL, WALLACE & DOYLE, P.C.

Tobin H. Dust (P36741)
Attorneys for Defendant
300 St. Andrews Road, Suite 302
Saginaw, MI 48638
(989) 790-0960

## RELIANCE UPON DEMAND FOR TRIAL BY JURY

Defendant, Christopher Graham Hadfield, hereby relies upon the Demand for Trial by Jury filed on behalf of Plaintiff in the above-entitled matter.

Dated: June 12, 2025

Respectfully submitted,
O'NEILL, WALLACE & DOYLE, P.C.

Tobin H. Dust (P36741)
Attorneys for Defendant
300 St. Andrews Road, Suite 302
Saginaw, MI 48638
(989) 790-0960

## SPECIAL / AFFIRMATIVE DEFENSES

NOW COMES Defendant, Christophe Graham Hadfield, by and through his attorneys, O'Neill, Wallace & Doyle, P.C., and for his Special / Affirmative Defenses states as follows:

A. Plaintiff's Complaint fails to state a claim upon which relief can be granted entitling this Defendant to summary disposition as a matter of law.

B. Plaintiff's claims may be barred in whole or in part by virtue of a lack of jurisdiction and sovereign immunity.

C. Plaintiff's claims may be barred in whole or in part by virtue of governmental immunity.

D. Plaintiff's claims are barred in whole or in part by virtue of his own comparative fault in failing to exercise reasonable care and caution for his own safety including but not limited to operating his moped on the shoulder of the roadway in violation of Michigan law, including the provisions of the Michigan Motor Vehicle Code, the Ordinances of Schoolcraft County, and/or Manistique Township, as well as the common law of the State of Michigan, failing to maintain a proper lookout and observation, and maintaining an assured clear distance ahead.

E. Plaintiff's claims may be barred in whole or in part by virtue the provisions of MCL 500.3135 including his failure to sustain a serious impairment of body function and/or permanent serious disfigurement.

F. Plaintiff's claims may be barred in whole or in part by virtue of his failure to mitigate his claimed damages.

G. Plaintiff's economic damages claims are limited by operation of the Michigan No-Fault Act as set forth in MCL 500.3101 et seq. including 500.3135.

H. Plaintiff's claims may be barred by virtue of the Federal Tort Claims Act (FTCA, 28 USC § 2679). State Courts do not have jurisdiction to entertain FTCA claims.

I. Plaintiff's claims are barred by virtue of his failure to exhaust Tribal remedies. In this regard, Plaintiff had available Tribal Court remedy under the Sault Ste. Marie Tribal Tort Claim Ordinance, Chapter 85 and failed to pursue that remedy.

J. This Defendant reserves the right to file such additional special / affirmative defenses as may become known during the course of discovery.

Dated: June 12, 2025

Respectfully submitted,
O'NEILL, WALLACE & DOYLE, P.C.

[signature]

Tobin H. Dust (P36741)
Attorneys for Defendant
300 St. Andrews Road, Suite 302
Saginaw, MI 48638
(989) 790-0960

Proof of Service

The undersigned certifies that a copy of the foregoing document was served upon all parties to the above cause at their respective addresses as disclosed on the pleadings on:
June 12, 2025.

BY: X U.S. Mail ___ UPS ___ Other
___ Fax ___ Fed Ex ___ E-file
X E-mail ___ Hand Delivered ___ E-serve

Signature: [signature]
Kimberly Kauffman

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF SCHOOLCRAFT

| | |
|---|---|
| JOHN WOLFE,<br>Plaintiff,<br>v<br><br>CHRISTOPHER GRAHAM HADFIELD,<br>Defendant. | Case No. 2025-5903-NI<br><br>Hon. Brian Daniel Rahilly (P74065) |

KOUSSAN LAW
BY: ALI H. KOUSSAN (P75044)
Attorneys for Plaintiff
821 West Milwaukee Street
Detroit, MI 48202-2947
(313) 444-8348 / *ali@k-law.com*

SUPERIOR LAW PLLC
BY: ANTONIO R. RUIZ (P72970)
Co-Counsel for Plaintiff
425 South 3rd Street
Marquette, MI 49855-4701
(906) 225-9705 / *t.ruiz@superiorlawpllc.com*

O'NEILL, WALLACE & DOYLE, P.C.
BY: TOBIN H. DUST (P36741)
Attorneys for Defendant
300 St. Andrews Road, Suite 302
Saginaw, MI 48638
(989) 790-0960 / *tdust@owdpc.com*

**AMENDED SPECIAL / AFFIRMATIVE DEFENSES**

NOW COMES Defendant, Christophe Graham Hadfield, by and through his attorneys, O'Neill, Wallace & Doyle, P.C., and for his Special / Affirmative Defenses states as follows:

A. Plaintiff's Complaint fails to state a claim upon which relief can be granted entitling this Defendant to summary disposition as a matter of law.

B. Plaintiff's claims may be barred in whole or in part by virtue of a lack of jurisdiction and Tribal sovereign immunity.

C. Plaintiff's claims may be barred in whole or in part by virtue of governmental immunity.

D. Plaintiff's claims are barred in whole or in part by virtue of his own comparative fault in failing to exercise reasonable care and caution for his own safety including but not limited to operating his moped on the shoulder of the roadway in violation of Michigan law, including the provisions of the Michigan Motor Vehicle Code, the Ordinances of Schoolcraft County, and/or Manistique Township, as well as the common law of the State of Michigan, failing to maintain a proper lookout and observation, and maintaining an assured clear distance ahead.

E. Plaintiff's claims may be barred in whole or in part by virtue the provisions of MCL 500.3135 including his failure to sustain a serious impairment of body function and/or permanent serious disfigurement.

F. Plaintiff's claims may be barred in whole or in part by virtue of his failure to mitigate his claimed damages.

G. Plaintiff's economic damages claims are limited by operation of the Michigan No-Fault Act as set forth in MCL 500.3101 et seq. including 500.3135.

H. Plaintiff's claims may be barred by virtue of the Federal Tort Claims Act (FTCA, 28 USC § 2679). State Courts do not have jurisdiction to entertain FTCA claims.

I. Plaintiff's claims are barred by virtue of his failure to exhaust Tribal remedies. In this regard, Plaintiff had available Tribal Court remedy under the Sault Ste. Marie Tribal Tort Claim Ordinance, Chapter 85 and failed to pursue that remedy.

J. This Defendant reserves the right to file such additional special / affirmative defenses as may become known during the course of discovery.

Dated: June 13, 2025

Respectfully submitted,
O'NEILL, WALLACE & DOYLE, P.C.

[signature]

Tobin H. Dust (P36741)
Attorneys for Defendant
300 St. Andrews Road, Suite 302
Saginaw, MI 48638
(989) 790-0960

Proof of Service

The undersigned certifies that a copy of the foregoing document was served upon all parties to the above cause at their respective addresses as disclosed on the pleadings on:
June 13 , 2025.

BY: X U.S. Mail ___ UPS ___ Other
___ Fax ___ Fed Ex ___ E-file
X E-mail ___ Hand Delivered ___ E-serve

Signature: [signature]
Kimberly Kauffman

STATE OF MICHIGAN
IN THE 11th CIRCUIT COURT FOR THE COUNTY OF SCHOOLCRAFT

JOHN WOLFE,

Plaintiff,

Case No. 25-5903-NI

vs.

Hon. Brian Daniel Rahilly

CHRISTOPHER GRAHAM HADFIELD,

Defendant.

KOUSSAN LAW
Ali H. Koussan (P75044)
Counsel for Plaintiff
821 W. Milwaukee
Detroit, Michigan 48202
(313) 444-8348
Fax: (313) 444-7814
ali@k-law.com

SUPERIOR LAW PLLC
Antonio R. Ruiz (P72970)
Co-Counsel for Plaintiff
425 S. 3rd Street
Marquette, MI 49855-4701
(906) 225-9705
Fax: (906) 225-9960
t.ruiz@superiorlawpllc.com

O'NEILL, WALLACE & DOYL, P.C.
Tobin H. Dust (P36741)
Counsel for Defendant
300 St. Andrews Rd., Suite 302
Saginaw, MI 48638
(989) 790-0960
Fax: (989) 790-6902
tdust@owdpc.com

**STIPULATED ORDER TO SET DEADLINE FOR RESPONSIVE PLEADINGS**

At a session of said Court held in the City of Manistique, County of Schoolcraft, State of Michigan

On: 5/29/25

Present: Hon. Brian D. Rahilly

IT IS HEREBY ORDERED that the Parties agree that service of the complaint and summons was made on the Defendant on April 14, 2025.

IT IS FURTHER ORDERED by and between the parties, through their respective counsel, that Defendant shall file his responsive pleadings by, or before, Monday, June 16, 2025.

IT IS SO ORDERED.

This Order is not case-final and does not close the case.

5/29/25

Circuit Court Judge

Ali H. Koussan
By: Ali H. Koussan (P75044)
Attorney for Plaintiff

/s/ Tobin H. Dust
Tobin H. Dust (P36741)
Attorney for Defendant

**PROOF OF SERVICE**

The undersigned certifies that on May 15, 2025 a copy of the foregoing instrument and all attachments/exhibits thereto, was served upon all parties through their above-captioned counsel/attorneys of record by the following means:

☐ USPS First Class Mail ☒ Email

☐ MiFile Efile & Serve ☐ Facsimile

/s/ Maria Tarakhovsky
By: Maria Tarakhovsky

STATE OF MICHIGAN IN THE CIRCUIT COURT
FOR THE COUNTY OF SCHOOLCRAFT

JOHN WOLFE,
Plaintiff,

v.

CHRISTOPHER HADFIELD,
Defendant.
_______________________________/

File No. 25-5903-NI

BRIAN D. RAHILLY
Circuit Judge (P74065)

**SCHEDULING ORDER**

TO:

Ali H. Koussan (P75044)
821 W Milwaukee Street
Detroit, MI 48202-2947
(313) 444-8348
ali@k-law.com
admin@k-law.com

Tobin H. Dust (P36741)
300 Saint Andrews Road
Saginaw, MI 48638-5977
(989) 790-0960
tdust@owdpc.com
kkauffman@owdtc.com

**IT IS ORDERED:**

1. Discovery shall be completed by **May 11, 2026**. No additional discovery will be permitted thereafter, except upon written motion for good cause shown.

2. If initial disclosures have not been exchanged, they must be disclosed within 30 days of today's date.

3. **Facilitated mediation.** Counsel must arrange it to be completed before **May 11, 2026.**

Facilitated Mediator:
The Mediator shall be arranged and agreed to by the parties. If the parties cannot reach an agreed mediator, they shall motion the Court for a hearing to pick a facilitated mediator no later than January 11, 2026.

4. A PRETRIAL CONFERENCE shall be held **on May 11, 2026, at 9:30 a.m., E.S.T., at the Courthouse in Schoolcraft County in Manistique, Michigan.** Any motions must be filed and served in compliance with Michigan Court Rule. Pretrial statements must be filed seven days in advance of pretrial and include (1)ADR

status(2)need for amendments to pleadings (3) need for further discovery (4) brief statement of the case including factual and legal issues remaining (5) contemplation and timing of dispositive motions (6) any other relevant matters as contemplated in MCR 2.401. Counsel may appear by Zoom for this Pretrial Conference.

5. Plaintiff's list of expert witnesses is due 60 days before the pretrial, which would be March 11, 2026. Defendant's list is due 30 days before pretrial, which would be April 11, 2026.

6. TRIAL will be set for a five day Jury trial for July or August of 2026.

7. A request for adjournment of any of the above will only be granted by the Circuit Judge, upon written motion, for good cause.

Dated: October 7, 2025

Hon. Brian Rahilly (P74065)
11th Circuit Court Judge

CERTIFICATE OF SERVICE/MAILING

I certify that on this date copies of this notice were served upon the parties, or their attorneys indicated above by email addressed to the address shown, unless otherwise indicated.

10/7/25
Date:

Jackie Parker, 11th Circuit
Court Administrator

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF SCHOOLCRAFT

| | |
|---|---|
| JOHN WOLFE, Plaintiff, | Case No. 2025-5903-NI |
| v | Hon. Brian Daniel Rahilly (P74065) |
| CHRISTOPHER GRAHAM HADFIELD, Defendant. | |

KOUSSAN LAW
BY: ALI H. KOUSSAN (P75044)
Attorneys for Plaintiff
821 West Milwaukee Street
Detroit, MI 48202-2947
(313) 444-8348 / *ali@k-law.com*

SUPERIOR LAW PLLC
BY: ANTONIO R. RUIZ (P72970)
Co-Counsel for Plaintiff
425 South 3rd Street
Marquette, MI 49855-4701
(906) 225-9705 / *t.ruiz@superiorlawpllc.com*

O'NEILL, WALLACE & DOYLE, P.C.
BY: TOBIN H. DUST (P36741)
Attorneys for Defendant
300 St. Andrews Road, Suite 302
Saginaw, MI 48638
(989) 790-0960 / *tdust@owdpc.com*

RECEIVED & FILED
11th Judicial Circuit Court
MAR 2 6 2026
I, Beth A. Edwards, Clerk
Schoolcraft Co., MI

**STIPULATION TO AMEND OCTOBER 5, 2025 SCHEDULING ORDER**

IT IS HEREBY STIPULATED AND AGREED to by the parties through their counsel that the scheduling order of October 7, 2025 be amended in order that the parties can continue to pursue orderly discovery in the interim as follows:

A. Discovery shall be completed by July 31, 2026.

B. A Pre-Trial Conference shall be held on August 24, 2026 at 9:30 AM at the Courthouse in Schoolcraft County in Manistique, MI.

C. Facilitative Mediation shall be completed at least 30 days before Trial.

D. Trial will be set for Jury Trial in November 2026.

Dated: March 13, 2026

*/s/ Ali H. Koussan*

Signature

ALI H. KOUSSAN
(signed by THD with permission)
Attorneys for Plaintiff

Dated: March 17, 2026

Signature

TOBIN H. DUST
Attorney for Defendant

Dated: ____________

Signature

ANTONIO R. RUIZ
Co-Counsel for Plaintiff

**ORDER AMENDING OCTOBER 5, 2025 SCHEDULING ORDER**

The parties having filed the above stipulation, and the Court being otherwise fully advised in the premises;

IT IS SO ORDERED.

Dated: ____________

Hon. Brian Daniel Rahilly, Circuit Court Judge

C. Facilitative Mediation shall be completed at least 30 days before Trial.

D. Trial will be set for Jury Trial in November 2026.

Dated: ______________________

______________________
Signature
ALI H. KOUSSAN
Attorneys for Plaintiff

Dated: ______________________

______________________
Signature
TOBIN H. DUST
Attorney for Defendant

Dated: 03/17/2026

______________________
Signature
ANTONIO R. RUIZ
Co-Counsel for Plaintiff

**ORDER AMENDING OCTOBER 5, 2025 SCHEDULING ORDER**

The parties having filed the above stipulation, and the Court being otherwise fully advised in the premises;

IT IS SO ORDERED.

Dated: 3/26/26

______________________
Hon. Brian Daniel Rahilly, Circuit Court Judge

STATE OF MICHIGAN 11TH CIRCUIT COURT

COUNTY OF SCHOOLCRAFT

JOHN WOLFE

Plaintiff,

v.

File No. 25-5903-NI

Hon. Brian D. Rahilly

CHRISTOPHER GRAHAM HADFIELD

Defendant.

---

PROOF OF SERVICE

I certify that on this date copies of the Order Regarding Defendant's Motion for Partial Summary Disposition was served upon the parties or their attorneys indicated below by email to the email address shown, unless otherwise indicated.

| | |
|---|---|
| ALI H. KOUSSAN | ali@k-law.com |
| TOBIN H. DUST | tdust@owdpc.com |
| ANTONIO RUIZ | t.ruiz@superiorlawpllc.com |

4/18/26

Date

Jackie Parker

Jackie Parker

Court Administrator

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF SCHOOLCRAFT

John Wolfe
Plaintiff,

v.

File No. 2025-5903-NI
Hon. Brian D. Rahilly

Christopher Graham Hadfield
Defendant.

---

**Order Re: Defendant's Motion for Partial Summary Disposition**

## Background

Defendant filed this motion for partial summary disposition under MCR 2.116(C)(8), and (10). The Court reviewed the parties' briefs and held oral arguments on April 13, 2026.

## Standard of Review

A motion under MCR 2.116(C)(8) tests the legal sufficiency of a claim based on the factual allegations in the complaint. *Feyz v Mercy Mem Hosp*, 475 Mich 663, 672; 719 NW2d 1 (2006). When considering such a motion, a trial court must accept all factual allegations as true, deciding the motion on the pleadings alone. *Bailey v Schaaf*, 494 Mich 595, 603; 835 NW2d 413 (2013); MCR 2.116(G)(5). A motion under MCR 2.116(C)(8) may only be granted when a claim is so clearly unenforceable that no factual development could possibly justify recovery. *Adair v Michigan*, 470 Mich 105, 119; 680 NW2d 386 (2004).

A motion under MCR 2.116(C)(10) tests the factual sufficiency of a claim. *Johnson v VanderKooi*, 502 Mich 751, 761; 918 NW2d 785 (2018). When considering

such a motion, a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion. *Id.* A motion under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact. *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 5; 890 NW2d 344 (2016). "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Johnson*, 502 Mich at 761 (quotation marks, citation, and brackets omitted).

## Discussion

*Replacement/Household Services*

*Johnson v Recca*, 492 Mich 196 (2012) is the controlling case. The case states that replacement services are not recoverable in a third-party tort action. As such, the Court grants Defendant's motion on this issue.

*Attendant Care*

The Court denies the Defendants' motion on this issue. The Court finds that issues of material fact remain and notes that discovery remains open.

## Conclusion

;The Court GRANTS in part and DENIES in part Defendant's motion.

This is not a final order and does not close the case.

**It is Ordered**

Date: 4/15/26

[signature]

Hon. Brian D. Rahilly
11th Circuit Court Judge

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF SCHOOLCRAFT

| | |
|---|---|
| JOHN WOLFE, Plaintiff, | Case No. 2025-5903-NI |
| v | Hon. Brian Daniel Rahilly (P74065) |
| CHRISTOPHER GRAHAM HADFIELD, Defendant. | |

KOUSSAN LAW
BY: ALI H. KOUSSAN (P75044)
Attorneys for Plaintiff
821 West Milwaukee Street
Detroit, MI 48202-2947
(313) 444-8348 / *ali@k-law.com*

SUPERIOR LAW PLLC
BY: ANTONIO R. RUIZ (P72970)
Co-Counsel for Plaintiff
425 South 3rd Street
Marquette, MI 49855-4701
(906) 225-9705 / *t.ruiz@superiorlawpllc.com*

O'NEILL, WALLACE & DOYLE, P.C.
BY: TOBIN H. DUST (P36741)
Attorneys for Defendant
300 St. Andrews Road, Suite 302
Saginaw, MI 48638
(989) 790-0960 / *tdust@owdpc.com*

RECEIVED & FILED
11th Judicial Circuit Court
JUL 07 2026
I, Beth A. Edwards, Clerk
Schoolcraft Co., MI

**SECOND STIPULATION TO AMEND OCTOBER 7, 2025 SCHEDULING ORDER**

IT IS HEREBY STIPULATED AND AGREED to by the parties through their counsel that the scheduling order of October 7, 2025 be amended in order that the parties can continue to pursue orderly discovery in the interim and because there remains outstanding a tender under the Federal Tort Claims Act as follows:

A. Discovery shall be completed by October 30, 2026.

B. A Pre-Trial Conference shall be held on ________________ at __________AM at the Courthouse in Schoolcraft County in Manistique, MI.

C. Facilitative Mediation shall be completed at least 30 days before Trial.

D. Trial will be set for Jury Trial in __________, 2027.

Dated: ______________________________

______________________________
Signature
ALI H. KOUSSAN
Attorneys for Plaintiff

Dated: ______________________________

______________________________
Signature
TOBIN H. DUST
Attorney for Defendant

Dated: June 30, 2026

______________________________
Signature
ANTONIO R. RUIZ
Co-Counsel for Plaintiff

**ORDER AMENDING OCTOBER 5, 2025 SCHEDULING ORDER**

The parties having filed the above stipulation, and the Court being otherwise fully advised in the premises;

IT IS SO ORDERED.

Dated: ______________________________

______________________________
Hon. Brian Daniel Rahilly, Circuit Court Judge

B. A Pre-Trial Conference shall be held on November 23rd at 9:30 AM at the Courthouse in Schoolcraft County in Manistique, MI.

C. Facilitative Mediation shall be completed at least 30 days before Trial.

D. Trial will be set for Jury Trial in February, 2027.

Dated: June 29, 2026

*/s/ Ali H. Koussan*

Signature

ALI H. KOUSSAN
(signed by THD with permission)
Attorneys for Plaintiff

Dated: June 30, 2026

Signature

TOBIN H. DUST
Attorney for Defendant

Dated: ____________________

Signature

ANTONIO R. RUIZ
Co-Counsel for Plaintiff

**ORDER AMENDING OCTOBER 5, 2025 SCHEDULING ORDER**

The parties having filed the above stipulation, and the Court being otherwise fully advised in the premises;

IT IS SO ORDERED.

Dated: 7/7/26

Hon. Brian Daniel Rahilly, Circuit Court Judge